UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
**MICHAEL O. WILLIAMS**,

                Plaintiff,

       – against –

**AMAZON**,

                Defendant.
---------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

24-CV-2733 (AMD) (SJB)

**ANN M. DONNELLY**, United States District Judge:

On March 27, 2024, the *pro se* plaintiff filed this action in the United States District Court for the Southern District of New York, as well as a motion to proceed *in forma pauperis* (ECF Nos. 1, 2.) The action was transferred to this District on April 12, 2024. (ECF No. 7.) The Court grants the application to proceed *in forma pauperis* for the limited purpose of this Order. As discussed below, the complaint is dismissed with leave to amend.

## BACKGROUND

The complaint—a downloadable form from the Southern District of New York titled "Employment Discrimination Complaint"—does not allege specific violations of federal or state employment law; rather, in the "Statement of Claim" section, the plaintiff checked several boxes noting that the defendant "terminated [his] employment," "provided [him] with terms and conditions of employment different from those of similar employees," "retaliated against [him]," and "harassed [him] or create a hostile work environment." (ECF No. 1 at 1–5.) To support these allegations, the plaintiff writes that the defendant "fired [him] for riding carts after one warning," "harassed [him] and refused [his] employment rights for an appeal." (ECF No. 1 at 5.) He also attached a number of exhibits, including a letter from the defendant stating that the

plaintiff's "date of involuntary termination of [his] employment" is July 19, 2023, an undated administrative complaint that the plaintiff filed with the defendant's human resources department, the defendant's November 16, 2023 response to that administrative complaint, and copies of the plaintiff's previous disciplinary write-ups. (ECF No. 1 at 8–59.) The plaintiff wants his job back, and seeks an unspecified amount in damages.[1]

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Further, Rule 8 of the Federal Rules of Civil Procedure requires the plaintiff to provide a short, plain statement of his claim against each defendant named so that they have adequate notice of the claims against them. *See Iqbal*, 556 U.S. at 678. A pleading that "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, a complaint must at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotations omitted). "When a complaint fails to comply with these requirements contained in Rule 8, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial."

---

[1] The plaintiff requests damages for "[t]ime away from work," "denial of employee rights," "harassment," "mental fatigue," and "PTSD." (ECF No. 1 at 6.)

*Chapman v. United States Dep't of Justice*, 558 F. Supp. 3d 45, 48 (E.D.N.Y. 2021) (citations and brackets omitted).

Although a *pro se* plaintiff's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007),[2] a district court must dismiss an *in forma pauperis* action if the complaint "is frivolous," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief," *see* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).  Further, while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." *Shomo v. City of New York*, 579 F.3d 176 (2d Cir. 2009).

## DISCUSSION

The complaint does not allege a cognizable violation of federal or state employment law. The sole allegations are that the defendant "fired [the plaintiff] for riding carts after one warning," "harassed [him]" and "refused [his] employment rights for an appeal."  (ECF No. 1 at 5.)  The complaint must be dismissed, because the plaintiff's allegations are insufficient "to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay*, 230 F.3d at 541 (2d Cir. 2000). Although he checked several boxes stating that the defendant harassed or retaliated against him, the plaintiff does not explain why he is entitled to relief or that the Court has subject matter jurisdiction to hear his claim.[3]

---

[2] *See also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after Twombly, the court "remain[s] obligated to construe a pro se complaint liberally").

[3] Further, to the extent that the plaintiff intends to bring an employment discrimination claim under Title VII of the Civil Rights Act of 1964, he must also show that he exhausted all administrative remedies and include relevant documentation from either the Equal Employment Opportunity Commission ("EEOC") or the New York State Division of Human Rights.

3

Accordingly, the complaint is deficient under Rule 8 and 28 U.S.C. § 1915, and must be dismissed.  *See e.g.*, *Hodge v. New York Unemployment*, No. 24-CV-1631, 2024 WL 1513643, at *1 (E.D.N.Y. Apr. 8, 2024); *Chavez v. Cause Yall Took My Phone I Don't Know Their Names*, No. 21-CV-8526, 2021 WL 5401485, at *1 (S.D.N.Y. Nov. 16, 2021) ("The complaint does not contain a single fact suggesting that [the plaintiff] can state a viable claim that falls within the Court's jurisdiction.").

## LEAVE TO AMEND

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176 (2d Cir. 2009) (quoting G*omez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir. 1999) (internal quotation marks omitted)).  The Court grants the plaintiff 30 days to amend his complaint.  However, if the plaintiff elects to file an amended complaint, he must provide facts sufficient to support a cognizable violation of the employment laws, as well as the basis for this Court's jurisdiction.  For example, Title VII is a federal statute that prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1).  To establish a Title VII claim, the plaintiff must demonstrate that he has exhausted all administrative remedies and provide facts to show that he is a member of a protected class, was qualified for the position, and suffered an adverse employment action under circumstances giving rise to an inference of discrimination.  *Ruiz v. County of Rockland*, 609 F.3d 486, 492 (2d Cir. 2010).

Although the plaintiff may attach documents as exhibits in support of his amended complaint, he must provide enough factual context to satisfy Rule 8—he may not rely on exhibits to take the place of a statement of claim.  *See, e.g.*, *Irons v. U.S. Gov't*, No. 21-CV-4683, 2021

WL 4407595, at *2 (E.D.N.Y. Sept. 27, 2021) ("Neither the court nor defendants should have to parse through the complaint or attached exhibits to ascertain the factual basis for plaintiff's claims."). If available, the plaintiff must attach all relevant documentation from the EEOC, the New York State Division of Human Rights, or the New York City Commission on Human Rights that bear on whether the defendant exhausted his administrative remedies. The new complaint must be captioned "Amended Complaint" and bear the same docket number as this Memorandum & Order, No. 24-CV-2733 (AMD) (SJB). The amended complaint will replace the original complaint in its entirety; in other words, the amended complaint must stand on its own without reference to the original complaint.

      The Court will close the case after 30 days if the plaintiff does not file an amended complaint or otherwise show good cause for an extension of time. The plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729, for free, confidential, limited-scope legal assistance.

## CONCLUSION

For these reasons, the complaint is dismissed with leave to amend within 30 days. The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to the plaintiff and note service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       April 19, 2024